# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JETUN JEFFERSON, | ) |
| Plaintiff, | ) Case No. 17-cv-9070 |
| v. | ) Judge Sharon Johnson Coleman |
| METRA, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Jetun Jefferson, brings this action against his employer, Metra, alleging that he has been the victim of age discrimination, disability discrimination, racial discrimination, and retaliation for protected conduct. Metra now moves to dismiss this action for failure to state a claim. For the reasons set forth herein, that motion [23], which this Court construes as a partial motion to dismiss, is granted.

**Background**

The following facts are taken from Jefferson's complaint and are accepted as true for the purpose of the present motion. Jefferson has been employed by Metra for over two decades. Most recently, he worked as a B&B Mechanic (industry practice suggest that B&B stands for Bridge and Buildings). In 2016, a truck driven by one of Jefferson's coworkers hit a railroad tie, which in turn injured Jefferson's right leg. These events were subsequently reported in an incident report. On the next day, Jefferson met with several individuals who are presumably associated with Metra. Jefferson found the meeting to be intimidating and felt that no one was sympathetic to his situation.

Jefferson subsequently visited his personal doctor, who, after taking X-Rays and multiple MRIs, determined that Jefferson should not return to work until further notice. Jefferson was also

seen by a company doctor, who conducted a physical examination and concluded that Jefferson could return to work on light duty.

Jefferson was ultimately terminated on October 6, 2017. The stated reason for the termination was Jefferson's refusal of treatment from Metra's physicians, although Jefferson argues that he never refused treatment. Jefferson subsequently filed the EEOC complaint giving rise to this action, alleging age discrimination, disability discrimination, race discrimination, and retaliation.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must assert factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018). Complaints filed by pro se litigants are construed liberally and held to a less stringent standard than pleadings drafted by lawyers. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

**Discussion**

As an initial matter, the Court notes that the question before it *is not* whether Jefferson was injured in the workplace. In ruling on a motion to dismiss, this Court is obligated to accept all factual allegations as true and, therefore, must accept as true Jefferson's allegations concerning his injury. *Hickey v. O'Bannon*, 287 F.3d 656, 657–58 (7th Cir. 2002). The fact that Jefferson was injured, however, does not in itself support the legal claims that he is now pursuing.

Metra, in its motion to dismiss, argued that Jefferson's allegations are insufficient to support his claims of race discrimination, age discrimination, or disability discrimination. Jefferson, in his multiple written responses to the motion to dismiss and at oral argument, altogether failed to address the sufficiency of his allegations of discriminatory conduct. Instead, Jefferson focused his arguments on the severity of his injury and the inequity of his termination following his lengthy career. These arguments, however, do not establish that Jefferson has stated claims for race discrimination, age discrimination, or disability discrimination. Accordingly, those claims have been waived by Jefferson's silence in the face of Metra's motion to dismiss them. *See Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) (recognizing that an adequate complaint may nevertheless be dismissed under Rule 12(b)(6) when the plaintiff fails to present legal arguments supporting its adequacy).

Even if Jefferson had not waived his claims, moreover, his allegations of discrimination were likely inadequate. It is true that a plaintiff alleging discrimination need only allege facts generally establishing that he suffered from an adverse employment action premised upon an impermissible motive. *Clark v. Law Office of Terrence Kennedy, Jr.*, 709 F. App'x 826, 828 (7th Cir. 2017); *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). Although basic facts such as when the discrimination occurred and who committed it must be alleged, a plaintiff need not allege details conclusively establishing causation. *Clark*, 709 F. App'x at 828. Jefferson's complaint, however, contains no more than conclusory assertions that he was discriminated against based on age, race, and disability. Jefferson's EEOC complaint, which is incorporated into his complaint, provides the most detail, seemingly identifying his termination as the adverse employment event that his discrimination claims are based on. Jefferson's complaint, however, does not describe in any detail the circumstances of his termination or why he believes that it was the result of racial discrimination, age discrimination, or disability discrimination. Jefferson further fails to adequately allege that he suffers from a

3

disability within the meaning of the Americans with Disabilities Act. Under the ADA, an individual is considered to be disabled if they have a physical or mental impairment that substantially limits one or more of their major life activities. 42 U.S.C. § 12102(2). When determining whether a disability "substantially limits" the performance of major life activities, courts consider the nature and severity of the impairment, the duration or expected duration of the impairment, and the permanent or long-term impact of the impairment. *Serednyj v. Beverly Healthcare, LLC*, 656 F.3d 540, 554 (7th Cir. 2011). Generally, temporary restrictions without long-term impact are insufficient to render a person disabled for purposes of the ADA. *Id.* Jefferson has alleged that he is injured and cannot work. He has not alleged, however, whether this injury is temporary or permanent or how, specifically, this injury has impacted his daily life. Accordingly, Jefferson's allegations would have been insufficient to state a claim for disability discrimination, race discrimination, or age discrimination even if they had not been waived.

Jefferson's retaliation claim, however, is unaffected by this opinion. Jefferson's complaint clearly alleges that his termination occurred in retaliation for his past EEOC charges and lawsuits, a claim that Jefferson renewed in his briefing and at oral argument. Metra's motion to dismiss, however, does not address Jefferson's retaliation claim, and the Court therefore cannot reach that claim.

**Conclusion**

The defendant's motion to dismiss, which this Court construes as a partial motion to dismiss in light of the omission of Jefferson's retaliation claim, is therefore granted. Jefferson's claims of age discrimination, disability discrimination, and race discrimination are dismissed without prejudice. Jefferson's retaliation claim remains. The Court grants Jefferson 28 days in which to seek leave to file an amended complaint. The Court encourages Jefferson to file an amended complaint setting forth in more detail the protected activities that he believes gave rise to the retaliation against him.

4

The Court also invites Jefferson to attempt to amend his complaint by curing the deficiencies identified in his race discrimination, age discrimination, and disability discrimination claims. If a motion for leave to file an amended complaint is not timely filed, this action will proceed based solely on Jefferson's retaliation claim as it has been previously pled.


Date: 10/31/2018                                      Entered: _____
                                                      SHARON JOHNSON COLEMAN
                                                      United States District Court Judge